HARRIS, Judge.
In February, 1990, apparently in contemplation of death, Gilbert I. Ford, joined by his wife, conveyed property (including his former homestead) into an inter vivos trust naming his wife as sole beneficiary. On the same date he executed a will leaving certain personal property to his wife with the rest of his estate “poured over” into the trust. Ford died in April, 1990. He was survived by his wife and an adult son.
In September, 1990, Hilda Ford as “beneficiary” under Ford’s will petitioned for summary administration of his estate claiming that there were no assets of the estate.[1] She also, at the time of filing the petition for summary administration but as trustee of the trust, filed an amended petition to determine homestead real property in order to satisfy the requirement of her title insurer. It is apparent from the petition that because of the previous conveyance to the trust, Ford owned no real property at the time of his death.[2]
The trial court denied both petitions finding that it could not determine homestead property until formal notice was published.
We find the court erred in not permitting summary administration since, according to the unrefuted petition, there was no real property (including homestead) in the estate.
But in agreeing with appellant on this point, we must necessarily disagree with her on her second argument. If there is no real property in the estate, then there is no authority for the probate court to determine homestead property.
Appellant relies on Florida Probate Rule 5.405 which permits any “interested person” to petition the court to' determine “homestead real property owned by the decedent.” The rule further requires that the petition describe the property “owned by the decedent.” We construe this to mean owned by the decedent at the time of his death. Both the petition for summary administration and the petition to determine homestead property deny that the decedent owned any real property at the time of his death.
Regardless of the demands of the title insurance industry, the Probate Rules are not a substitute for declaratory judgment actions or quiet title suits.
*205 AFFIRMED in part, REVERSED in part.
DAUKSCH and COBB, JJ„ concur.

. Petitioner failed to list the personal property which the will left directly to her.

. The conveyance into the trust has not been challenged on any grounds including undue influence or incapacity.